**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PATRICIA HUSTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1975** |
| **PENN ENTERTAINMENT, INC., ET AL.** | **SECTION L (4)** |

## ORDER AND REASONS

The Court has before it a Motion for Summary Judgment filed by Defendant Louisiana-I Gaming, LP.[1] R. Doc. 17. Plaintiff Patricia Huston opposes the Motion.[2] R. Doc. 21. Having considered the briefing, in light of the record facts and applicable law, the Court will DENY Defendant's Motion for the following reasons.

### I.    BACKGROUND & PRESENT MOTION

This case arises from a slip-and-fall accident. Plaintiff Patricia Huston, a citizen of California, slipped and fell in the shower while a patron at Boomtown Casino Hotel in Harvey, Louisiana. R. Doc. 1-2 at 5. Plaintiff alleges the shower was "in a defective state and constituted an unreasonably dangerous condition[,]" and that Defendant breached its duty to of care to her as a patron by failing to correct or adequately warn of the dangerous condition. *Id.* As a result, Plaintiff avers Defendant is liable for her resultant "serious injuries" and "excruciating pain and

---

[1] The motion also seeks summary judgment on Plaintiff's claims against former defendants Penn Entertainment, Inc. and Pinnacle Entertainment, Inc. R. Doc. 17. However, those parties have already been voluntarily dismissed from this action by Plaintiff. R. Doc. 23.

[2] The Court notes that Plaintiff's opposition was filed two days past the deadline. However, Defendant has made no objection, and Plaintiff argues that good cause underlies her tardiness. Accordingly, the Court will consider the opposition to be timely.

suffering" as owner and operator of the premises. *Id.* at 5, 23. Plaintiff seeks damages for her past and future pain and suffering, mental anguish, physical impairment, and medical expenses, as well as physical disfigurement and loss of wages and earning capacity. *Id.* at 7.

Defendant now moves the Court to grant summary judgment in its favor on Plaintiff's claims against it. R. Doc. 17. Defendant argues that summary judgment is appropriate because Plaintiff cannot prove an essential element of her claims: that Defendant had actual or constructive notice of the alleged defect in the shower that caused Plaintiff to fall. R. Doc. 17-1 at 7–9. On the other hand, Plaintiff argues that a genuine issue of material fact remains as to whether Defendant had constructive notice of the unreasonably dangerous condition of the shower, requiring resolution at trial. R. Doc. 21 at 3.

## II.     APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## III.    DISCUSSION

Plaintiff's claims arise under Louisiana's Merchant Liability Statute, LSA-R.S. 9:2800.6.[3] That statute provides, in pertinent part, that, "in a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1)  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2)  The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3)  The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6. Here, Defendant asserts that Plaintiff has produced no evidence to show that it either created or had actual or constructive notice of the dangerous condition of the shower in which Plaintiff fell. R. Doc. 17-1 at 7–9.

Plaintiff presents no argument that Defendant created or had actual knowledge of any defect, but does argue that a genuine issue of material facts exists as to whether Defendant had constructive knowledge of the condition. R. Doc. 21 at 3. Plaintiff has submitted the report of an expert witness who inspected and tested the subject shower and determined that the traction level of the shower floor was low under the standards promulgated by the National Floor Safety Institute. R. Doc. 21-2 at 9–10. Such a low traction level creates a "[h]igh probability of wet barefoot

---

[3] Defendant suggests that Plaintiff's claims may also, or alternatively, arise under La C.C. Art. 2317.1. Because claims under that statute also require Plaintiff to prove that Defendant had actual or constructive notice to prevail, the Court's discussion of Plaintiff's claims relative to the Merchant Liability Statute applies equally to any claim Plaintiff may be raising under Art. 2317.1.

slipping[.]" *Id.* at 10. Given that the hotel was constructed in 2015, a reasonable jury could conclude that, by the time of Plaintiff's fall in 2023, the surface of the shower floor had been worn down by use such that it had become dangerously slippery. In turn, a reasonable jury could conclude that Defendant knew or should have known about this process of ware, especially in light of the fact that a hotel shower is typically cleaned and at least nominally inspected on a daily or near-daily basis. Because this genuine dispute of material fact remains, summary judgment is inappropriate, and Defendant's Motion must be denied.

### IV.    CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, R. Doc. 17, is **DENIED**.

New Orleans, Louisiana, this 17th day of March, 2026.

_____
United States District Judge